IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROGER WALLACE HENDERSON | § | |
|     TDCJ-CID #649974 | § | |
| v. | § | C.A. NO. C-08-036 |
| | § | |
| CANDACE MOORE, ET AL. | § | |

## ORDER RETAINING CASE

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee, or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's *pro se* complaint must be read indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Applying these standards, the Court retains plaintiff's claims against defendants alleging denial of access to the courts.

**I.     Jurisdiction.**

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331. Upon consent of the plaintiff, (D.E. 10), the case was referred to the undersigned

United States magistrate judge for all further proceedings, including entry of final judgment. (D.E. 11); see also 28 U.S.C. § 636(c).

## II.     Background facts and plaintiff's allegations.

Plaintiff is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently incarcerated at the McConnell Unit in Beeville, Texas. He filed this lawsuit on January 25, 2008, alleging First Amendment claims of denial of access to the courts against the McConnell Unit law librarian, Candace Moore, and law library clerk, Officer Hardin. (D.E. 1). A Spears[1] hearing was conducted on February 12, 2008. The following allegations were made in plaintiff's original complaint, or at the hearing.

On December 18, 2006, the United States District Court for the Western District of Texas, Austin Division, denied plaintiff's petition for habeas corpus relief in Civil Action 1:06cv290. See generally Henderson v. Quarterman, No. A-06-CA-290-SS, 2007 WL 3392879 (W.D. Tex. Nov. 20, 2006) (unpublished). At the time, plaintiff also had a second federal habeas petition pending with that court. See generally Henderson v. Quarterman, No. A-06-CA-601-LY, 2007 WL 3372497 (W.D. Tex. Nov. 20, 2006) (unpublished).

On or about January 9, 2007, plaintiff submitted an I-60 form to the law library requesting paper, carbon paper, an ink pen, a writ envelope and postage so that he could file a notice of appeal and request a certificate of appealability with the Fifth Circuit challenging the dismissal of his federal writ. Plaintiff did not get a response to his I-60. He then asked Sergeant Ford, Sergeant Martinez, and Lieutenant Chiro to contact Ms. Moore about the deadline. Ms.

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

2

Moore responded that it was not her job to mail out plaintiff's legal work; it was the mailroom's duty.  The three officers then contacted the mailroom supervisor, Officer Diaz, who told them that, because the unit was on lockdown, it was indeed Ms. Moore's responsibility to provide plaintiff with the requested supplies and to mail plaintiff's legal mail.

On January 17, 2007, Officer Hardin came to plaintiff's cell with the paper, carbon paper and pen that plaintiff had requested, but he failed to bring the writ envelope and postage. Plaintiff told Officer Hardin that his appeal must be placed in the prison mail system that day, or it would be untimely.  Officer Hardin indicated that he understood and promised to return shortly with the necessary materials.  However, Officer Hardin did not return until the next day, January 18, 2007.  On May 2, 2007, the Fifth Circuit dismissed plaintiff's appeal for lack of jurisdiction because it was one day late.  See (D.E. 1, Ex. 2) (Henderson v. Quarterman, et al., No. 07-50200 (5th Cir. May 2, 2007) (per curiam) (unpublished)).

Plaintiff alleges that defendants Ms. Moore and Officer Hardin denied him access to the courts by failing to respond timely to his I-60 request and to deliver the legal materials necessary to file his appeal, despite their knowledge of his deadline.

## III.  Discussion.

### A.  Legal Standard.

It is well established that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam).  An action may be dismissed for failure to state a claim

3

when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted).  The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed.  Id. (citation omitted).

> **B.    Denial of access to the courts.**

Plaintiff claims that defendants violated his constitutional right of access to the courts by failing to process his I-60 request for materials so that he could file his appeal timely.

Prisoners have a constitutionally protected right of access to the courts.  See Lewis v. Casey, 518 U.S. 343, 350 (1996) (citing Bounds v. Smith, 430 U.S. 817 (1977)).  The State must furnish indigent inmates with pen and paper to draft legal documents, stamps to mail them, and adequate opportunity to conduct legal research through access to adequate law libraries or access to "persons trained in the law" or other persons who can provide legal assistance.  Bounds, 430 U.S. at 824-28.  However, prison officials have considerable discretion in providing legal resources to prisoners.  Lewis, 518 U.S. at 356.  The right does not guarantee any "particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts."  Id.; see also Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999) (per curiam) (citations omitted) (the right provides a reasonable opportunity to file nonfrivolous legal claims challenging convictions or conditions of confinement).

Because the right of access is not a "freestanding right," the plaintiff must demonstrate actual injury resulting from an alleged denial of access to the courts.  Lewis, 518 U.S. 351; Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999) (per curiam).  Without a showing of an

actual injury, a plaintiff lacks standing to pursue a claim of denial of access to the courts.  Lewis, 518 U.S. at 349.

To meet the standing requirement, plaintiff "must allege *personal injury* fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."  Raines v. Byrd, 521 U.S. 811, 818 (1997) (quoting Allen v. Wright, 468 U.S. 737, 751 (1984)) (emphasis in original).  Plaintiff "must establish that he has a personal stake in the alleged dispute and that the alleged injury suffered is particularized as to him."  Id. at 819 (citation omitted).  In particular, to succeed on a claim of denial of access to courts, plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial.  See Lewis, 518 U.S. at 356.  To prevail on a denial of access to the courts claim under § 1983, a plaintiff must show that he suffered an "actual injury."  Chriceol, 169 F.3d at 317 (citing Lewis, 518 U.S. at 351-54); see also Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996) (per curiam) (plaintiff must establish that he suffered some prejudice due to the denial of access).

In this case, plaintiff has demonstrated the necessary prejudice to support his denial of access to the courts claim.  His appeal was dismissed as untimely by one day.  Had Ms. Moore processed his I-60 request when it was submitted, or had Officer Hardin returned as promised with the materials plaintiff had requested, it is likely his appeal would have been timely filed.  Plaintiff's allegations are sufficient for purposes of § 1915A.

**IV.	Conclusion.**

Plaintiff has stated a claim for denial of access to the courts against defendants. Accordingly, the Court retains plaintiff's claims.  By a separate order, service will be ordered on Ms. Moore and Officer Hardin.

ORDERED this 21st day of February 2008.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE