IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROGER WALLACE HENDERSON | § | |
|     TDCJ-CID #649974 | § | |
| v. | § | C.A. NO. C-08-36 |
| | § | |
| CANDACE MOORE, ET AL. | § | |

## ORDER DENYING PLAINTIFF'S MOTION TO STRIKE

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983.  Pending is plaintiff's motion to strike defendant's answer pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.  (D.E. 19).

Plaintiff argues that the answer: (1) is untimely; (2) does not "answer separately to each and every factual and legal allegation in plaintiff's complaint;" (3) does not have important documents attached, and (4) "is vauge [sic], and list [sic] insufficient defenses and redundant, immaterial, imperfinant [sic], and of scandalous matter."  Id. at 3.

## LEGAL STANDARD FOR A RULE 12(f) MOTION

Rule 12(f) of the Federal Rules of Civil Procedure states that courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The Fifth Circuit has explained that "[t]he motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy."  Augustus v. Bd. of Pub. Instruction of Escambia County, Fla., 306 F.2d 862, 868 (5th Cir. 1962) (citation omitted); see also Rolen v. City of Brownfield, Texas, No. Civ. A. 5:03-CV-304-C, 2004 WL 833366, at *3 (N.D. Tex. Apr. 7, 2004) (unpublished) (quoting Augustus).  Accordingly, such a motion should only be granted when "the allegations are prejudicial ... or immaterial to the lawsuit."  Veazie v. Southern Greyhound Lines, 374 F. Supp. 811, 815 (E.D. La. 1974).  The movant

establishes immateriality by showing the challenged allegations "can have no possible bearing upon the subject matter of the litigation."  Sadler v. Benson Motors Corp., Civ. A. No. 97-1083, 1997 WL 266735, at *1 (E.D. La. May 15, 1997) (citations omitted).

## DISCUSSION

Defendants' answer was timely filed.  The order for service of process in this case required defendants to file an answer "within thirty (30) days of receipt of the complaint."  (D.E. 13, at 1).  Defendants were served on March 3, 2008.  (D.E. 16, 17).  The answer was therefore due on or before April 2, 2008.  They filed their answer on April 2, 2008.  (D.E. 18).

Defendants' answer is sufficiently responsive.  Plaintiff argues only that he cannot respond to the answer because he "doesn't know which defendant is attached to each [paragraph of the answer], or which defendant is claiming which immunities defenses [sic]."  (D.E. 19, at 2).  Using the terms "defendants" in each paragraph indicates that each one applies to both defendants.  See id. at ¶¶ 17 ("Defendants assert their Eleventh Amendment and sovereign immunities for any damages claims brought against them in their official capacities."); 18 ("Defendants assert entitlement to official immunity...").  Furthermore, paragraph 16 clearly states that "[e]ach defendant hereby claims entitlement to qualified, good faith immunity from suit."

Defendants have not violated the service order's provision relating to documentary evidence.  (D.E. 13, at ¶ 2).  That provision requires defendants (or plaintiff) to file the relevant documents when a motion for summary judgment is filed, not in conjunction with their answer to the complaint.  Even if no such motion is filed, plaintiff will still have an opportunity to engage

in discovery pursuant to the Federal Rules of Civil Procedure before trial.  <u>See</u> <u>generally</u> Fed. R. Civ. P. 26-37.

Finally, defendants' answer is not vague, and does not contain scandalous, immaterial, or impertinent information.  Indeed, plaintiff completely fails to explain the factual basis for this claim.

Accordingly, plaintiff's motion to strike defendant's answer, (D.E. 19), is hereby denied.

Ordered this 17th day of April 2008.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE