IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROGER WALLACE HENDERSON | § | |
|     TDCJ-CID #649974 | § | |
| v. | § | C.A. NO. C-08-036 |
| | § | |
| CANDACE MOORE, ET AL. | § | |

## ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Upon consent of the parties, (D.E. 10, 21), the case was referred to a United States Magistrate Judge for all further proceedings, including entry of final judgment. (D.E. 22); see also 28 U.S.C. § 636(c).

Plaintiff is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently incarcerated at the McConnell Unit in Beeville, Texas. He filed this lawsuit on January 25, 2008, alleging First Amendment claims of denial of access to the courts against the McConnell Unit law librarian, Candace Moore, and law library clerk, Officer Hardin. (D.E. 1). On February 21, 2008, plaintiff's claims were retained, (D.E. 12), and service ordered on defendants. (D.E. 13). On April 2, 2008, defendants filed an answer. (D.E. 18).

Pending is plaintiff's motion for sanctions against counsel for defendants. (D.E. 25). He argues that Assistant Attorney General Jennifer Wells violated Rule 11(b) of the Federal Rules of Civil Procedure. Specifically, he claims that she committed fraud on the Court by alleging that his claims were not properly exhausted in the answer to his complaint. Id. at 1. He alleges that Ms. Wells knew that his claims were fully exhausted when she filed the answer. Id. He

seeks to recover two hundred dollars for having to respond to the false allegations, along with additional fines and unspecified non-monetary penalties.  Id. at 3.

### DISCUSSION

Rule 11 of the Federal Rules of Civil Procedure provides that every attorney, or unrepresented party, who presents a document to a court certifies that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  Fed. R. Civ. P. 11(b)(2).  The Fifth Circuit has explained that Rule 11 places three duties on counsel: (1) to make a reasonable inquiry into the factual basis of all documents presented to the court; (2) to make a reasonable inquiry into the law; and (3) to refuse to sign any pleading or motion intended merely to harass another party, or delay the proceedings.  Thomas v. Capital Sec. Servs., Inc., 836 F.2d 866, 874 (5th Cir. 1988) (en banc).  Courts are to judge an attorney's compliance by an objective standard of reasonableness, taking into account the circumstances at the time the document was signed.  Smith v. Our Lady of the Lake Hosp., Inc., 960 F.2d 439, 444 (5th Cir. 1992) (citations omitted).  A reasonable inquiry must uncover both a factual and legal basis for the assertions.  Miller v. Bittner, 985 F.2d 935, 939 (8th Cir. 1993) (citation omitted).

Plaintiff contends that his claims are fully exhausted, and that Ms. Wells's argument to the contrary constitutes fraud on the Court.  (D.E. 25, at 2).  In support of this, he has attached copies of his Step 1 and Step 2 grievances.  Id. at 6-8.  The Supreme Court has explained that a prisoner must exhaust the administrative review process in accordance with all procedural rules, including deadlines, as a precondition to bringing suit in federal court.  Woodford v. Ngo, 548 U.S. 81, 126 S. Ct. 2378, 2382, 2387 (2006).  It appears that plaintiff's Step 1 grievance was

returned unprocessed for failing to comply with procedural rules on October 23, 2007, and again on October 26, 2007.  Id. at 7.  It is not clear that the grievance was ever accepted as correctly filed.  Moreover, plaintiff did not submit both pages of his Step 2 grievance with his motion; thus, it is not clear that the Step 2 grievance was ever submitted.  He does not establish that his claim is exhausted, or more importantly, that Ms. Wells's position lacks factual or legal support.  Therefore, he does not establish that she has violated Rule 11.

     Rule 11 also describes the procedures by which motions for sanctions are filed:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).  <u>The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets</u>.

Fed. R. Civ. P. 11(c)(2) (emphasis added).  Plaintiff does not show, or allege, service of this motion on Ms. Wells.  Moreover, the answer was filed on April 2, 2008; plaintiff's motion was mailed exactly twenty-one days later on April 23, 2008.  (D.E. 25, at 9).  He could not have allowed Ms. Wells twenty-one days for correction in this period.  Therefore, he has not complied with the procedural requirements of Rule 11, and denial of the motion is appropriate.  See Tompkins v. Cyr, 202 F.3d 770, 788 (5th Cir. 2000); Elliot v. Tilton, 64 F.3d 213, 216 (5th Cir. 1995).

## **CONCLUSION**

For the foregoing reasons, plaintiff's motion for sanctions, (D.E. 25), is hereby DENIED.

ORDERED this 29th day of April 2008.

BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE