IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROGER WALLACE HENDERSON | § | |
|    TDCJ-CID #649974 | § | |
| v. | § | C.A. NO. C-08-036 |
| | § | |
| CANDACE MOORE, ET AL. | § | |

## ORDER DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983.

Pending is plaintiff's motion for injunctive relief. (D.E. 23). For the following reasons,

plaintiff's motion is denied.

### I.  JURISDICTION

Jurisdiction in this action is based on a federal question pursuant to 28 U.S.C. § 1331.

Upon consent of the plaintiff, (D.E. 10), the case was referred to a United States Magistrate

Judge for all further proceedings, including entry of final judgment. (D.E. 11); see also 28

U.S.C. § 636(c).

### II.  PROCEDURAL HISTORY

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions

Division ("TDCJ-CID") and is currently incarcerated at the McConnell Unit in Beeville, Texas.

He filed this lawsuit on January 25, 2008, alleging First Amendment claims of denial of access

to the courts against the McConnell Unit law librarian, Candace Moore, and law library clerk,

Officer Hardin. (D.E. 1). A Spears[1] hearing was conducted on February 12, 2008. On February

21, 2008, the Court retained the case, (D.E. 12), and ordered service on defendants. (D.E. 13).

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

On April 2, 2008, defendants filed an answer.  (D.E. 18).

On April 23, 2008, plaintiff filed this motion for injunctive relief.  (D.E. 23).  He asks the Court to enjoin defendants and "all other persons acting in concert and participation with them, from further entrapments in order to enflict [sic] major disciplinary to prevent plaintiff from receiving the legal help needed from nearby fellow inmate [sic] untill [sic] this action is resolved."  Id. at 1.  He alleges that Corrections Officer F. Olmos initiated a disciplinary case against him for taking a shower without permission, even though Officer Olmos had personally authorized him to do so.  Id. at 3-4.  According to plaintiff, these actions "are only an attempt to change my housing to the other side of the McConnell Unit to keep me from having legal assistance."  Id. at 3.  He faces irreparable injury if he is denied access to free typing and legal help.  Id.

On May 6, 2008, defendants filed a response in opposition.  (D.E. 28).  They argue that plaintiff is not entitled to injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure.

### III.  DISCUSSION

To obtain a preliminary injunction or temporary restraining order pursuant to Rule 65 of the Federal Rules of Civil Procedure, the applicant must demonstrate: "(1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest."  Affiliated Prof'l Home Health Care Agency v. Shalala, 164 F.3d 282, 285 (5th Cir. 1999) (per curiam) (citation omitted); accord Libertarian Party of Tex. v. Fainter, 741 F.2d 728,

729 (5th Cir. 1984) (per curiam) (citation omitted); <u>see</u> <u>also</u> <u>Parker v. Ryan</u>, 960 F.2d 543, 545

(5th Cir. 1992) ("the requirements of rule 65 apply to all injunctions").  Injunctive relief is an

extraordinary remedy that requires the applicant to unequivocally show the need for its issuance.

<u>See</u> <u>Valley v. Rapides Parish Sch. Bd.</u>, 118 F.3d 1047, 1050 (5th Cir. 1997) (citation omitted).

Failure to establish any of the four elements will result in the motion for injunctive relief being

denied.  <u>Guy Carpenter & Co. v. Provenzale</u>, 334 F.3d 459, 464 (5th Cir. 2003) (citation

omitted).

A.       **Plaintiff Cannot Establish A Substantial Likelihood Of Success On The
         Merits.**

         Plaintiff seeks an injunction to prevent the TDCJ from interfering with his access to the

courts.  Prisoners have a constitutionally protected right of access to the courts.  <u>See</u> <u>Lewis v.</u>

<u>Casey</u>, 518 U.S. 343, 350 (1996) (citing <u>Bounds v. Smith</u>, 430 U.S. 817 (1977)).  The State must

furnish indigent inmates with pen and paper to draft legal documents, stamps to mail them, and

adequate opportunity to conduct legal research through access to adequate law libraries or access

to "persons trained in the law" or other persons who can provide legal assistance.  <u>Bounds</u>, 430

U.S. at 824-28.  However, prison officials have considerable discretion in providing legal

resources to prisoners.  <u>Lewis</u>, 518 U.S. at 356.  The right does not guarantee any "particular

methodology but rather the conferral of a capability – the capability of bringing contemplated

challenges to sentences or conditions of confinement before the courts."  <u>Id.</u>; <u>see</u> <u>also</u> <u>Jones v.</u>

<u>Greninger</u>, 188 F.3d 322, 325 (5th Cir. 1999) (per curiam) (citations omitted) (the right provides

a reasonable opportunity to file nonfrivolous legal claims challenging convictions or conditions

of confinement).

         An inmate has no federally protected right to use a typewriter to prepare legal documents

and correspondence.  Eisenhardt v. Britton, 478 F.2d 855, 855 (5th Cir. 1973) (per curiam); Stubblefield v. Henderson, 475 F.2d 26, 26 (5th Cir. 1973) (per curiam).  Although petitioner claims generally that denying him access to unnamed fellow inmates would violate his right of access to the courts under Lewis, he does not allege that his ability to bring suit would be thereby impaired.  He thus does not show that his right of access to the courts would be violated.

Moreover, it is well established that an inmate does not have a constitutional right to be housed in a specific prison.  Olim v. Wakinekona, 461 U.S. 238, 244-46 (1983); Meachum v. Fano, 427 U.S. 215, 225 (1976); Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996) (per curiam). Consequently, it stands to reason that an inmate does not have a constitutional right to be housed in a specific cell.  Indeed, other courts have determined that inmates do not have such a right. See, e.g., Williams v. Faulkner, 837 F.2d 304, 309 (7th Cir. 1988); McCalvin v. Fairman, 603 F. Supp. 342, 346 n.4 (C.D. Ill. 1985).  Thus, plaintiff has no right to be housed in his present cell.

Accordingly, plaintiff has failed to establish a substantial likelihood of success as it relates to his claim that changing his cell assignment would violate his constitutional rights.

**B.      Plaintiff Cannot Establish A Substantial Threat That He Will Suffer Irreparable Injury If The Injunction Is Denied.**

In order to justify an injunction, "[s]peculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant."  Holland Am. Ins. Co. v. Succession of Roy, 777 F.2d 992, 997 (5th Cir. 1985) (citation omitted).  Plaintiff has not demonstrated that he will suffer any injury.  Indeed, he does not allege that an "actual injury" is certain to occur. See Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999) (per curiam) (addressing "actual injury") (citing Lewis, 518 U.S. at 351-54); see also United States v. Emerson, 270 F.3d 203, 262 (5th Cir. 2003) ("[A] preliminary injunction will not be issued simply to prevent the

4

possibility of some remote future injury. *A presently existing actual threat must be shown*. However, ... *a strong threat* of irreparable injury before trial is an adequate basis.") (emphases in original) (citation omitted).

Instead, he merely speculates that he <u>may</u> be transferred to a new cell in a different part of the McConnell Unit, and that he <u>may</u> not be able to communicate with certain fellow inmates as a result. He provides no evidence that this transfer is likely to occur, or even that the disciplinary case Officer Olmos initiated was decided adversely to him. <u>See</u> (D.E. 1, at 6). Moreover, he has not shown that such a transfer would prejudice the disposition of his federal claims. Accordingly, plaintiff has failed to establish that he will suffer irreparable injury if the preliminary injunction is denied.

**C.    Plaintiff Cannot Establish That The Threatened Injury To Himself Outweighs The Harm The Injunction Would Cause Defendants.**

Plaintiff has not established any definite injury. Instead, he merely speculates that he may be transferred to a new cell, which might impair his ability to communicate with fellow inmates.

On the other hand, if the injunctive relief that plaintiff seeks were granted, then the TDCJ-CID would be required to take actions based on plaintiff's individual preferences instead of institutional concerns about safety and efficient management of the McConnell Unit. <u>See</u> <u>Wilkerson v. Stalder</u>, 329 F.3d 431, 436 (5th Cir. 2003) ("Prison officials should be accorded the widest possible deference in the application of policies and practices designed to maintain security and preserve internal order.") (citation omitted); <u>see</u> <u>also</u> 18 U.S.C. § 3626(a)(2)(when considering a preliminary injunction, a "court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief").

5

Accordingly, plaintiff cannot establish that the threatened harm outweighs the harm to defendants.

**D.      Granting Plaintiff's Motion Will Not Serve The Public Interest.**

The Fifth Circuit has explained that federal courts "are not to micromanage state prisons." Gates v. Cook, 376 F.3d 323, 338 (5th Cir. 2004) (citing Bell v. Wolfish, 441 U.S. 520, 562 (1979)).  Here, plaintiff requests that this Court engage in such micromanagement. Specifically, he seeks a court order that he not be moved from a specific building at the McConnell Unit.  (D.E. 23, at 3).

The public has an interest in prisons that are run securely, safely, and efficiently while adhering to constitutional standards.  The Fifth Circuit has explained that "'courts are ill-equipped to deal with the increasingly urgent problems of prison administration ...,' ...and that it is not 'wise ... to second-guess the expert (or any other) administrators on matters on which they are better informed.'"  Jones v. Diamond, 636 F.2d 1364, 1368 (5th Cir. 1981) (citations omitted).

Plaintiff does not offer any evidence or argument that his requests would serve the public interest.  Accordingly, plaintiff has failed to establish that granting his injunctive relief will not disserve the public interest.

## IV. CONCLUSION

Based on the foregoing reasons, plaintiff's motion for injunctive relief, (D.E. 23), is

DENIED.

Ordered this 13th day of May 2008.

BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE