IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROGER WALLACE HENDERSON | § | |
|    TDCJ-CID #649974 | § | |
| v. | § | C.A. NO. C-08-036 |
| | § | |
| CANDACE MOORE, ET AL. | § | |

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants knowingly interfered with his First Amendment right of access to the courts. (D.E. 1). Defendants move for summary judgment to dismiss plaintiff's claims on the ground of qualified immunity. (D.E. 43). Plaintiff has filed a response in opposition. (D.E. 44). For the reasons stated herein, defendants' motion for summary judgment is GRANTED, and plaintiff's claims are dismissed.

### I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331. Upon consent of the parties, (D.E. 10, 21), this case was reassigned to a magistrate judge to conduct all further proceedings, including entry of final judgment. (D.E. 22); see also 28 U.S.C. § 636(c).

### II. BACKGROUND

Plaintiff is in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), and at all times relevant to the facts of this lawsuit was incarcerated at the McConnell Unit in Beeville, Texas. He filed suit on January 25, 2008, naming as defendants McConnell Unit law librarian Candace Moore and law library clerk Officer John Hardin, alleging that they denied him indigent supplies, causing the appeal of his

habeas corpus case in the Fifth Circuit to be dismissed as untimely.  (D.E. 1, at 2-3).  Following a February 12, 2008 Spears[1] hearing, plaintiff's claims were retained.  (D.E. 12).

On May 1, 2008, defendants filed a motion to dismiss plaintiff's claims for failure to exhaust administrative remedies.  (D.E. 27).  On May 27, 2008, plaintiff filed a motion for summary judgment.  (D.E. 33).  On June 27, 2008, defendants filed a response.  (D.E. 35).  On July 2, 2008, the Court denied both motions.  (D.E. 36).  On July 3, 2008, defendants moved for leave to file a motion for summary judgment on the ground of qualified immunity.  (D.E. 37).  On July 7, 2008, the Court granted the motion.  (D.E. 38).

On August 1, 2008, defendants filed the instant motion.  (D.E. 43).  On August 14, 2008, plaintiff filed his response.  (D.E. 44).

### III. SUMMARY JUDGMENT EVIDENCE AND UNCONTESTED FACTS

In support of their motion for summary judgment, defendants offer the following:

1) Affidavit of Candace Moore;

2) Portions of plaintiff's inmate trust fund account statement, with attached business records affidavit;

3) Portions of plaintiff's mail logs, with attached business records affidavit; and

4) Plaintiff's grievance records, with attached business records affidavit.

(D.E. 43, at 18-40).

The following facts are not in dispute:

On or about January 10, 2007, the building in which plaintiff was housed was placed on lockdown status.  (D.E. 43, at 39).  On January 16, 2007, he submitted an I-60 requesting paper,

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

carbon paper, a pen, a writ envelope, and his trust fund account statement. Id. at 29. In the I-60, the deadline for his notice of appeal is listed as January 19, 2007. Id. On January 17, 2007, Officer Hardin came to plaintiff's cell with paper, carbon paper and a pen, but without a writ envelope or plaintiff's trust fund account statement. (D.E. 12, at 3). Plaintiff informed Officer Hardin that his notice of appeal must be placed in the prison mail system that day, or else it would be untimely. Id. Officer Hardin indicated that he understood and that he would return later in the day with the material requested. Id. However, he did not return until the following day, January 18, 2007. Id. On May 2, 2007, the Fifth Circuit dismissed plaintiff's appeal as untimely. (D.E. 1, at 6-7).

## IV. DISCUSSION

### A. Summary Judgment Standard Of Review.

Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Courts must consider the record as a whole, considering all pleadings, depositions, affidavits, and admissions on file in the light most favorable to the non-movant. Caboni v. General Motors Corp., 278 F.2d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988). Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable

doubts must be resolved against the moving party.  Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991).  The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment.  Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof.  Celotex, 477 U.S. at 322-23; ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995).

**B.      Plaintiff Cannot Assert A Claim Against Defendants In Their Official Capacity.**

Plaintiff has sued defendants in their official and individual capacities.  (D.E. 1).  He seeks monetary damages and to have his lawsuit reinstated.

A suit against a prison employee in his official capacity is the same as a suit against the entity the employee represents.  Kentucky v. Graham, 473 U.S. 159, 166 (1985).  The Eleventh Amendment bars a suit for money damages against a state or state agency.  Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996).  A judgment may not be entered against a state officer in his official capacity for violating federal law in the past.  Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993).

To the extent plaintiff is suing defendants in their official capacities for money damages, those claims are barred by the Eleventh Amendment, and they are dismissed.

**C.     Defendants Are Entitled To Qualified Immunity.**

Defendants move for summary judgment on the ground of qualified immunity. Plaintiff urges that defendants should not be allowed to assert that they are entitled to qualified immunity because they should have made such an argument in their earlier motion to dismiss, or in their response to his earlier motion for summary judgment. (D.E. 44). However, defendants properly pled qualified immunity as a defense in their answer. (D.E. 18, at 2-3). Moreover, they indicated in both their motion to dismiss and their response to plaintiff's motion for summary judgment that they would be addressing the qualified immunity argument in a later motion for summary judgment. See (D.E. 27); (D.E. 35). Therefore, there is no prejudice to the plaintiff in allowing the defendants to raise their qualified immunity claim in the present motion for summary judgment.

Furthermore, it is appropriate to resolve the qualified immunity question at this point in the litigation. "Where the defendant seeks qualified immunity, a ruling on that issue should be made early in the proceedings so that the cost and expenses of trial are avoided where the defense is dispositive." Saucier v. Katz, 533 U.S. 194, 200 (2001). Qualified immunity is not merely a defense to liability; rather, it is an immunity from suit, and therefore it is effectively lost if a case is erroneously permitted to go to trial. Id. at 200-01. Accordingly, it is proper to resolve the defendants' claim of qualified immunity through a summary judgment motion.

The qualified immunity determination involves a two-step analysis: first, "'whether the facts alleged, taken in the light most favorable to the party asserting the injury, show that the officer's conduct violated a constitutional right.'" Mace v. City of Palestine, 333 F.3d 621, 623 (5th Cir. 2003) (quoting Price v. Roark, 256 F.3d 364, 369 (5th Cir. 2001)). If a constitutional

5

violation is alleged, the Court must next determine "whether the right was clearly established – that is 'whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'"  Id. at 624 (quoting Price, 256 F.3d at 369).  Once defendants have invoked the defense of qualified immunity, the burden shifts to plaintiff to show that the defense is inapplicable.  McClendon v. City of Columbia, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam).

The threshold question in a qualified immunity analysis is whether a constitutional right would have been violated on the facts alleged.  Saucier, 533 U.S. at 200.  Here, plaintiff claims that both defendants denied him access to the courts when they failed to timely process his claim for indigent supplies, thereby delaying the filing of his notice of appeal and causing his case to be dismissed.

### 1. Step 1: Constitutional Violation.

Prisoners have a constitutionally protected right of access to the courts.  See Lewis v. Casey, 518 U.S. 343, 360 (1996) (citing Bounds v. Smith, 430 U.S. 817, 821 (1977)).  The right does not guarantee any "particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts."  Id. at 356; see also Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999) (per curiam) (the right provides a reasonable opportunity to file nonfrivolous legal claims challenging convictions or conditions of confinement) (citation omitted).  Because the right of access is not a "freestanding right," the plaintiff must demonstrate actual injury resulting from an alleged denial of access to the courts.  Lewis, 518 U.S. at 351; see also Chriceol v. Phillips, 169 F.3d 313, 317

(5th Cir. 1999) (per curiam). Without a showing of an actual injury, a plaintiff lacks standing to pursue a claim of denial of access to the courts. See Lewis, 518 U.S. at 349.

To meet the standing requirement, plaintiff "must allege *personal injury* fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Raines v. Byrd, 521 U.S. 811, 818 (1997) (quoting Allen v. Wright, 468 U.S. 737, 751 (1984)) (emphasis in original). Plaintiff "must establish that he has a personal stake in the alleged dispute and that the alleged injury suffered is particularized as to him." Id. at 819. In particular, to succeed on a claim of denial of access to the courts, plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. See Lewis, 518 U.S. at 356. He must show "that his position as a litigant was prejudiced" as a direct result of the denial of access. Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996) (per curiam) (citation omitted).

Here, plaintiff has demonstrated the requisite prejudice. As a result of defendants' delay in responding to his requests for indigent supplies, his notice of appeal was untimely filed and ultimately dismissed. (D.E. 1, at 6-7). He has therefore demonstrated that he lost a claim as a result of the defendants' actions, and he has standing to raise a claim of denial of access to the courts. See Lewis, 518 U.S. at 356.

However, plaintiff fails to demonstrate that defendants' actions were deliberate. He was not indigent, though he made a habit of requesting indigent supplies, see (D.E. 43, at 24-26, 32), thus, he was not entitled to receive indigent supplies until the seventh day of lockdown, per prison policy. Id. at 27. Although the policy allows for the law library to assist offenders with a pending deadline, nothing in the record indicates that Ms. Moore or Officer Hardin knew that

plaintiff's deadline was January 17, 2007.  Id. at 27-29.  Although plaintiff has testified under oath and provided an affidavit from his cellmate indicating that he informed Officer Hardin that his paperwork had to be mailed out that day or it would be untimely, defendants have provided an I-60 submitted by plaintiff that indicates his deadline was January 19, 2007.  Id. at 29.

Officer Hardin was unable to have plaintiff's trust fund account statement notarized until January 18, 2007 because it was Ms. Moore's responsibility to have the trust fund account statement notarized, as plaintiff concedes, and she had already left for the day by the time plaintiff told Officer Hardin that his deadline was actually January 17, 2007.  (D.E. 12, at 3).  Ms. Moore was not available to process plaintiff's trust fund account statement until January 18, 2007; however, she had been led to believe that plaintiff's deadline was January 19, 2007, and there was nothing unreasonable in her delay.  (D.E. 43, at 29).  Rather, she made a good-faith error based on faulty information provided by the plaintiff.  By the time Officer Hardin was made aware of the error, neither he nor Ms. Moore had the opportunity to rectify it.  They had acted within a reasonable period of time to meet plaintiff's request, only to learn too late that he had provided them with the wrong information.  Thus, plaintiff provides no evidence that defendants acted deliberately to deny him access to the courts; at best, he states a claim of negligence.  Claims of mere negligence will not suffice as a basis for a claim of a constitutional violation.  See Richardson v. McDonnell, 841 F.2d 120, 122 (5th Cir. 1998) (no access to courts claim where plaintiff alleged that prison officials negligently misplaced his mail).  Therefore, plaintiff fails to state a claim of denial of access to the courts.

**2.     Step 2: Objective Reasonableness.**

For a right to be clearly established under the second step of the qualified immunity analysis, "[t]he contours of that right must be sufficiently clear that a reasonable officer would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987). However, when the plaintiff fails to state a constitutional violation, as in this case, the Court need not examine whether the defendants' actions were reasonable. See Saucier, 533 U.S. at 201 (if the facts alleged do not establish that the officer's conduct violated a constitutional right, then the qualified immunity analysis need proceed no further and qualified immunity is appropriate). In this case, plaintiff has failed to establish a constitutional violation. Accordingly, both defendants are entitled to qualified immunity on plaintiff's claim that they denied him access to the courts.

In the alternative, under the second step of the qualified immunity analysis, "[t]he relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable [prison official] that his conduct was unlawful in the situation he confronted." Id. at 202 (citing Wilson v. Layne, 526 US. 603, 615 (1999)). Here, based on the information that plaintiff gave them, defendants processed his request in a timely fashion. There is no evidence other than plaintiff's assertion that he made a request for indigent supplies on January 9, 2007. The only I-60 in the record is one dated January 16, 2007, and it lists plaintiff's deadline to file his notice of appeal as January 19, 2007. (D.E. 43, at 29). Indeed, it lists this date twice. Id. Plaintiff asserts that the defendants have altered the date in this I-60, but he provides no evidence for this claim. (D.E. 44, at 3). Moreover, even assuming that plaintiff in fact filed an I-60 on January 9 or January 10, 2007, there is no evidence that such an I-60 alerted

the defendants to plaintiff's January 17, 2007 deadline. Plaintiff provides no evidence that defendants knew or should have known of his January 17 deadline, and the defendants have provided evidence that he mistakenly informed them that his deadline was in fact January 19. (D.E. 43, at 29).

Finally, defendants have provided evidence indicating that they acted within prison policy in waiting until the seventh day of the lockdown (on or about January 17, 2007) to process plaintiff's request for indigent supplies, whether that request came on January 10 or January 16. See (D.E. 43, at 27). Furthermore, they acted with reasonable speed to provide plaintiff with the necessary materials to mail out his notice of appeal, given that plaintiff himself had led them to believe that his deadline was January 19, rather than January 17. Officer Hardin brought the plaintiff pen, paper, and carbon paper on January 17, and his trust fund account statement was prepared on January 18. (D.E. 12, at 3); (D.E. 43, at 29). His paperwork was actually mailed out on January 18. (D.E. 43, at 37); (D.E. 1, at 6-7). Based on what plaintiff had told them, defendants believed that they were one day early in mailing out the paperwork, although that belief was in fact mistaken. There was no reason for an objective prison official, acting with the knowledge defendants possessed, to believe that his or her actions violated the plaintiff's well-established constitutional right of access to the courts. Accordingly, defendants are entitled to qualified immunity on plaintiff's denial of access to the courts claim, and their motion for summary judgment on this claim is GRANTED.

## V.  CONCLUSION

For the reasons stated herein, defendants' motion for summary judgment, (D.E. 43), is GRANTED.  Plaintiff's claims against defendants are dismissed with prejudice.

ORDERED this 21st day of November 2008.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE