IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROGER WALLACE HENDERSON<br>    TDCJ-CID #649974 | §<br>§<br>§ | |
| v. | § | C.A. NO. C-08-36 |
| CANDACE MOORE, et al. | §<br>§ | |

### ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER

This is a civil rights action filed by a state inmate pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants knowingly interfered with his First Amendment right of access to the courts. (D.E. 1). Defendants moved for summary judgment to dismiss plaintiff's claims for failure to state a claim and on the grounds of qualified immunity. (D.E. 43). Plaintiff filed a response in opposition. (D.E. 44). On November 21, 2008, defendants' motion for summary judgment was granted and final judgment was entered. (D.E. 45, 46). Pending is plaintiff's motion to reconsider. (D.E. 47).

### I. ANALYSIS

**A.    Plaintiff's Motion Is Timely.**

A motion to reconsider is timely "filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). Plaintiff first seeks an extension of time to file a Rule 59 motion. (D.E. 47, at 1). There is no basis for such an extension. See Fed. R. Civ. P. 6(b)(2); Fed. R. Civ. P. 59(e). Accordingly, to the extent that he seeks an extension of time to file such a motion, his request is denied.

In addition, plaintiff seeks reconsideration of matters encompassed within the judgment, specifically the Court's findings of fact, and requests a new trial. (D.E. 47, at 6). Therefore, his motion will be treated as a motion to reconsider pursuant to Rule 59 of the Federal Rules of Civil

Procedure.[1]  Fed. R. Civ. P. 59(e).  Plaintiff was required to file such a motion within ten days of the entry of final judgment.  Id.  Final judgment was entered on November 21, 2008.  (D.E. 46).  Therefore, to be timely filed, a motion to reconsider had to be filed by December 8, 2008.  See Fed. R. Civ. P. 6(a).

Because plaintiff is a prisoner proceeding pro se, he is subject to the mailbox rule, and any documents are considered filed in federal court when delivered to prison authorities for mailing.  Spotville v. Cain, 149 F.3d 374, 376-78 (5th Cir. 1998) (per curiam).  The postal service stamp on plaintiff's envelope is illegible; however, his documents may be considered filed as of the date of execution, which here is December 3, 2008.  Id. at 376; see also (D.E. 47, at 2).  Thus, although his motion was not entered until December 9, 2008, it is nevertheless considered timely.

**B.    Plaintiff Fails To Establish A Basis For Relief Pursuant To Rule 59.**

Rule 59(e) motions "serve the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'"  Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989) (citations omitted).  Rule 59(e) cannot be used to introduce evidence that was available prior to the entry of judgment, nor should it be employed to relitigate old issues, advance new theories, or secure a rehearing on the merits.  Templet v. HydroChem Inc., 367 F.3d 473, 478-79 (5th Cir. 2004) (citation omitted).  To prevail on a Rule 59(e) motion, the moving party must demonstrate the existence of the need to correct a clear error of law, or

---

[1] A Rule 59(a) motion for new trial under these circumstances is properly treated as a Rule 59(e) motion to reconsider the entry of summary judgment as it "draws into question the correctness of a judgment."  Piazza's Seafood World, LLC v. Odom, 448 F.3d 744, 748 n.9 (5th Cir. 2006) (citations omitted).

present newly discovered evidence.  Id. at 479.  The decision to reopen a case is within the sound discretion of the district court.  See Benefit Recovery, Inc. v. Donelon, 521 F.3d 326, 329 (5th Cir. 2008).

In his motion for new trial, plaintiff argues that he is entitled to reconsideration because (1) there was a genuine issue of fact regarding whether defendants were entitled to qualified immunity; and (2) the Court improperly weighed the credibility of witnesses in granting summary judgment.  (D.E. 47, at 4).  As plaintiff does not present any newly available evidence, it appears that he is moving to reconsider based on the need to correct a clear error of law.  However, plaintiff fails to establish a basis for relief on that ground.

The gravamen of plaintiff's motion is that the Court gave undue weight to the statements of defendants, and therefore failed to find a genuine issue of fact regarding whether defendants were entitled to qualified immunity.  This is an incorrect characterization of the order issued on November 21, 2008.  Summary judgment was granted because defendants presented uncontroverted evidence that plaintiff had provided them the wrong date for the deadline of his notice of appeal; therefore, they had been at most negligent in their failure to provide him access to the courts.  (D.E. 45, at 7-11).  In the pending motion, plaintiff presents no newly discovered evidence controverting this finding, but merely hints that the defendants mischaracterized the evidence.  (D.E. 47, at 3).  He also appears to claim that the reason he could not controvert defendants' evidence is because his legal papers were lost or stolen from him; however, he provides no new evidence to support this claim.  Id. at 2.  As he merely seeks a rehearing on the merits, he fails to state a basis for relief pursuant to Rule 59(e), and his claim is denied.

## II.  CONCLUSION

Plaintiff has failed to establish a basis for relief pursuant to Rule 59(e).  Accordingly, his motion for reconsideration, (D.E. 47), is hereby DENIED.  In order to appeal any decision in this action, plaintiff must file a timely notice of appeal pursuant to the Federal Rules of Civil Procedure.

ORDERED this 15th day of December 2008.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE